BESSIE LOU HENSLEY, A MINOR, REPRESENTED BY HER MOTHER, ANNIE MAE HENSLEY, HER NEXT FRIEND, v. SOUTHERN RAILWAY COMPANY, A CORPORATION, AND D. B. BRENDLE,

and

4 OTHER CASES.

(Filed 21 September, 1949.)

**Railroads § 4—**

Judgments of nonsuit in actions on behalf of occupants of a truck involved in a collision with a locomotive at a railroad grade crossing upheld on authority of *Jeffries v. Powell,* 221 N.C. 415.

APPEAL by plaintiffs from *Moore, J.,* at June Term, 1949, of BUNCOMBE.

Five civil actions to recover damages, four of them for alleged personal injuries, and one for alleged wrongful death, allegedly resulting from actionable negligence of defendants,—consolidated for the purpose of trial.

These actions grew out of a railroad-highway crossing accident "just north of Hendersonville," North Carolina, in late afternoon of 24 December, 1947, when the T-model Ford truck in which five persons, three men and two children, were riding,—all on one seat, came into collision with the side of the engine of a moving passenger train of defendant Railway Company.

Defendants denied negligence on their part, and pleaded, among other things, the sole negligence, and contributory negligence of the driver of the truck involved in the collision.

On the trial in Superior Court motions of defendants made at the close of plaintiffs' evidence, for judgment as in case of nonsuit, were allowed, and from judgments in accordance therewith plaintiffs appeal to Supreme Court and assign error.

*W. B. Stone and Claude L. Love for plaintiffs, appellants.*
*W. T. Joyner and Jones & Ward for defendants, appellees.*

PER CURIAM. No new question of law arises on this appeal, and a careful examination of the assignments of error, brought forward by plaintiffs, fails to reveal error. The evidence offered by plaintiffs on the trial in Superior Court, as shown in the case on appeal, when tested by well settled principles of law, fails to make out a case sufficient for consideration by the jury. It may be fairly doubted that plaintiffs show any evidence of negligence on the part of defendants. But on the other hand, the evidence clearly shows the negligence on the part of the operator of the truck here involved was the sole proximate cause of the collision, and comes within the principles applied in the case of *Johnson v. R. R.,* 214 N.C. 484, 199 S.E. 704; and *Jeffries v. Powell,* 221 N.C. 415, 20 S.E. 2d 561, and cases there cited, on the authority of which there is, in the judgments from which appeal is taken,

No error.